UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CUNGENG ZHENG,

                Petitioner,

    v.

BRUCE SCOTT, ET AL,

                Respondents.

Case No. 2:26-cv-00737-TLF

ORDER TO SHOW CAUSE RE: PETITIONER'S USE OF ALIAS, CLAIMS FOR RELIEF, AND SPECIFIC REQUEST FOR RELIEF

On March 18, 2026, respondents filed a response stating petitioner had been subject to removal proceedings under at least "three different identities/Alien numbers." Dkt. 9, Declaration of Alixandria K. Morris ("Morris Decl."), Ex. 2 (I-213 form); Dkt. 7, Response at 2-4:

**Shuang (Sauang) Hsi Chen**: On May 10, 1991, Immigration and Naturalization Service ("INS") issued a Notice to Appear ("NTA") to petitioner under the identity Shuang Hsi Chen, Alien Registration Number ("A-Number") ending in 110. Dkt. 8, Declaration of Deportation Officer Joseph Carnevale ("Carnevale Decl.") ¶ 5; Dkt. 9, Morris Decl., Exs. 1, 2 (NTA; I-213). On August 13, 1991, an Immigration Judge ("IJ") ordered petitioner be excluded, in absentia, to the last port of embarkation. Dkt. 9, Morris Decl., Ex. 3; Dkt. 8,

ORDER TO SHOW CAUSE RE: PETITIONER'S
USE OF ALIAS, CLAIMS FOR RELIEF, AND
SPECIFIC REQUEST FOR RELIEF - 1

Carnevale Decl. ¶ 6. A motion to reopen those proceedings was denied on October 16, 2007. Dkt. 8, Carnevale Decl. ¶ 15.

**Cungeng Zheng**: On June 15, 1992, petitioner submitted an asylum application under the identity Cungeng Zheng, A-Number ending in 915. *Id*. ¶ 7. On January 12, 1994, INS denied that asylum application. *Id.* ¶ 8.

**Qun Geng Cheng**: On April 17, 1996, INS issued petitioner an NTA under the identity Qun Geng Cheng, A-Number ending in 544. *Id.* ¶ 9. On November 25, 1997, an IJ ordered petitioner removed to China under that A-Number. *Id*. ¶ 12; Dkt. 9, Morris Decl., Ex. 4. On September 27, 2007, a motion to reopen proceedings was denied. Dkt. 8, Carnevale Decl. ¶ 14

**Wang Chan**: On January 27, 1997, petitioner submitted an asylum application under the identity Wang Chan, A-Number ending in 302 and INS referred petitioner to an IJ the same day. *Id.* ¶ 10. On February 20, 1997, an IJ ordered petitioner removed. *Id.* ¶ 11. On August 23, 2007, "petitioner's removal case under identity Wang Chan, A-Number ending in 302 was closed as a self-removal indicating a possible departure from the United States." *Id*. ¶ 13.

Petitioner has also been involved with at least two USCIS form I-130 petitions (Petition for Alien Relative, Parent of U.S. Citizen, INA 201(b).). On July 9, 2013, Cun Zhou Zheng submitted the form on petitioner's behalf (the identity used by petitioner is unclear), which appears to have been approved. Dkt. 9, Morris Ex. 2. On August 7, 2025, USCIS approved a second form filed by petitioner's only U.S. born child, his son Fred Fu Zheng. *Id.* ¶ 16; Dkt. 1, Petition at 4. But, while petitioner was in custody, on

ORDER TO SHOW CAUSE RE: PETITIONER'S
USE OF ALIAS, CLAIMS FOR RELIEF, AND
SPECIFIC REQUEST FOR RELIEF - 2

September 2, 2025, petitioner's Application to Register Permanent Residence or Adjust Status, Parent of a U.S. Citizen, was denied. Dkt. 8, Carnevale Decl. ¶ 18.

Petitioner argues he was placed in removal proceedings in 1991, was excluded in absentia, and filed a motion to re-open on September 11, 2007. Dkt. 1 at 4. He contends the denial of his appeal of that motion, on May 12, 2008, rendered the removal order final. *Id*.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly, 550* U.S. 544, 554 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). According to Rule 12 of the Rules Governing Section 2254 Proceedings for the United States District Court, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Based on the current record, the Court applies Fed. R. Civ. P. 8(a)(2) because the petition and answer do not provide clarity about what relief is sought, or which alias(es) are the operative ones, for purposes of analyzing the claims raised or relief sought.

The federal habeas corpus statute, 28 U.S.C. § 2243, allows the Court to "dispose of the matter as law and justice require. . . ." The mandate of habeas corpus is "broad with respect to the relief that may be granted." *Carafas v. LaValle*, 391 U.S. 234, 239 (1968).

ORDER TO SHOW CAUSE RE: PETITIONER'S
USE OF ALIAS, CLAIMS FOR RELIEF, AND
SPECIFIC REQUEST FOR RELIEF - 3

Accordingly, the Court orders the petitioner to clarify his habeas corpus claim for relief in accordance with Rule 8 of the Federal Rules of Civil Procedure, as permitted by Rule 12 of the Rules Governing Section 2254 Proceedings for the United States District Court. *Conde-Rodriguez v. Adler*, No. 1: 09–cv–02241–LJO–SMS–HC, 2010 WL 2353522, at *2 n.1 (E.D. Cal. Jun. 9, 2010) ("The Rules Governing Section 2254 Cases may be applied to petitions brought pursuant to § 2241.").

The petitioner is ORDERED to identify the operative removal order; provide clarity as to what relief is requested and the claims relating to that relief; and discuss the legal and factual bases for relying on a specific alias, on or before **April 10, 2026**. If petitioner does not respond to this Order to Show Cause, by filing a brief clarifying the issues identified above, or by filing a motion to file an amended petition for habeas corpus that clarifies the situation, the Court may request the parties to brief the issue of whether the Court should dismiss for failure to state a claim.

Dated this 31st day of March, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE RE: PETITIONER'S
USE OF ALIAS, CLAIMS FOR RELIEF, AND
SPECIFIC REQUEST FOR RELIEF - 4